UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SIDNEY A. MARTS,

    Petitioner,

v.                          Case No. 3:20-cv-5956-MCR-MJF

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER and**
**REPORT AND RECOMMENDATION**

This habeas case is before the court upon Petitioner's motion to amend (Doc. 13), accompanied by an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 14). The court will grant leave to amend. Upon review of the amended petition, the undersigned concludes that the petition is an unauthorized "second or successive" habeas corpus application, and that this case should be dismissed for lack of jurisdiction.[1]

---

[1] The District Court referred this case to the undersigned for preliminary review under Local Rule 72.2(B), and Habeas Rule 4, and to make recommendations concerning dispositive matters. *See* 28 U.S.C. § 636(b); N.D. Fla. Loc. R. 72.2(B); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Petitioner Sidney Marts ("Marts") is a Florida prisoner in custody under the judgment and sentence of the Escambia County Circuit Court, Case No. 2007-CF-6067, for convictions of Fraudulent Use of Personal Identification Information; Uttering a Forged Instrument; and Grand Theft. (Doc. 14 at 1). Marts is challenging his convictions on the ground that they violate the Double Jeopardy Clause. (*Id*. at 5-6). Marts also challenges this District Court's denial of habeas relief on the same double jeopardy claim when Marts asserted it in a prior § 2254 action. (*Id*. at 7-12 (identifying *Marts v. Tucker*, No. 3:10-cv-240-LC-EMT)).

The undersigned takes judicial notice of the court records in *Marts v. Tucker*, Case No. 3:10-cv-240-LC-EMT. Marts initiated *Marts v. Tucker* on July 2, 2010, by filing a § 2254 petition challenging the same state court judgment on various grounds, including that it violated the Double Jeopardy Clause. (*See* Case No. 3:10-cv-240-LC-EMT, Doc. 47). This court denied the petition on the merits on May 17, 2012. (*Id*., Docs. 73, 79, 80). The Eleventh Circuit denied Marts's motion for a certificate of appealability on October 18, 2012. (*Id*., Doc. 87).

## II.     DISCUSSION

Section 2244(b)(3)(A) of Title 28 of the United States Code provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court,

the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Marts's pleadings and this court's records establish that the present petition is a "second or successive" habeas corpus application. Marts does not allege or show that he obtained the Eleventh Circuit's authorization to file this application. Mart's failure to receive the requisite authorization operates as a jurisdictional bar and requires dismissal of this case. *See Burton*, 549 U.S. at 152, 157; *Fugate*, 301 F.3d at 1288.

### III. CONCLUSION

For the reasons set forth above, it is **ORDERED** that Petitioner's motion to amend (Doc. 13) is **GRANTED**, and his amended petition (Doc. 14) is deemed the operative petition.

The undersigned respectfully **RECOMMENDS** that:

The amended petition for writ of habeas corpus (Doc. 14), challenging Petitioner's judgment of conviction and sentence in *State of Florida v. Sidney Marts*, Escambia County Circuit Court Case No. 2007-CF-6067, be **DISMISSED** for lack of jurisdiction and the clerk of the court close this case file.

At Panama City, Florida, this 12th day of February, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**